COLE, Judge,
concurring.
I concur in the majority’s decision to affirm the trial court’s ruling to suppress the evidence. However, I disagree with the majority’s conclusion that the deputy sheriff did not have a “clear indication” that the evidence was located within Gilmore’s body cavity.
*335 The Supreme Court has consistently held that searches are to be judged on a case-by-case basis and that all searches must be conducted in a reasonable manner. Here, the facts proved that a drug transaction occurred and that marked money had been given to the driver of the car in which the appellee, Gilmore, was a passenger. The police maintained surveillance of the car until it was stopped. A thorough search of the car failed to reveal the money. A non-intrusive search of Gilmore and the driver also failed to produce the money. Eliminating all reasonable explanations as to the whereabouts of the money, the police were faced with only one other possibility: that Gilmore had hidden the money on her person. After the police officer first performed a strip search, the only remaining possibility was that the money was hidden in appellant’s body cavity. Therefore, contrary to the majority’s view, I find, from the evidence a “clear indication” that Gilmore had secreted the money on her person.
I do not believe, however, that the officers were faced with sufficient exigent circumstances to justify their decision to proceed with the internal body search in the absence of a search warrant. A medically-trained person did not perform the search. The evidence does not disclose that the procedure was performed in a manner reasonably ensuring the safety and health of the suspect. For this reason, I concur in the affirmance.